UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:20-cv-00158-TBR

KATHIE ALVEY and
KARLA AVERY,                                                                         PLAINTIFFS

v.

SAMANTHA RUPCKE, TREXIS INSURANCE
CORPORATION, EQUAIN, LLC, WELLCARE
HEALTH INSURANCE COMPANY OF KENTUCKY,
INC., d/b/a WELLCARE OF KENTUCKY, INC./DEPT.
FOR MEDICAID SERVICES                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiffs' Motion to Remand and Sever Claims. [DN 11]. Defendants Trexis Insurance Corporation and Samantha Rupcke have responded. [DNs 15, 16]. As such, this matter is ripe for adjudication. For the reasons that follow, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand and Sever Claims [DN 11] is **GRANTED**.

**I. Background**

Plaintiffs initially filed this suit in Livingston County Circuit Court. [DN 1]. Defendant Equian removed the matter to this Court. Plaintiffs now argue Count III of their Complaint is the only claim that this Court has original jurisdiction over. Plaintiffs further argue this Court should decline to exercise supplemental jurisdiction over Counts I, II, and IV and remand those claims to state court.

**II. Discussion**

Defendants Trexis Insurance Corporation and Samantha Rupcke argue Plaintiffs' Motion to Sever and Remand is untimely. 28 U.S.C. 1447(c) states "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after

the filing of the notice of removal under section 1446(a)." Plaintiffs' motion is based on supplemental jurisdiction rather than subject matter jurisdiction. *See Bohannon v. Town of Monterey,* 2015 U.S. Dist. LEXIS 189815, *3 (M.D. Tenn. June 9, 2015). Therefore, Plaintiffs' motion is subject to this 30-day timeframe.

Equian filed a Notice of Removal on September 22, 2020. [DN 1]. Plaintiffs filed their Motion to Sever and Remand on November 12, 2020. [DN 11]. Therefore, Plaintiffs filed their motion outside of the 30-day timeframe and the motion is untimely.

Trexis and Rupcke next argue Count III of Plaintiffs' Complaint gives this Court federal question jurisdiction and Count IV arises under the Constitution. They argue Counts I and II arise from a common nucleus of facts so the Court should exercise supplemental jurisdiction. However, Counts III and IV have since been dismissed. [DN 18]. 28 U.S.C. 1367(c)(3) provides, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction". Due to the federal claims being dismissed, this Court will remand the remaining claims to Livingston Circuit Court. *See Wee Care Child Ctr., Inc. v. Lumpkin,* 680 F. 3d 841, 849 (6th Cir. 2012) ("As Wee Care's one federal claim was properly dismissed, it was likewise proper for the district court to decline to exercise supplemental jurisdiction over the remaining state law claims."); *see also* 13D Charles Alan Wright et al., *Federal Practice and Procedure* § 3567.3 (3d ed.) ("As a general matter, a court will decline supplemental jurisdiction if the underlying claims are dismissed before trial."). Accordingly, the Court will remand this action on different grounds than Plaintiffs requested.

### III. Conclusion

For the above stated reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand and Sever Claims [DN 11] is **GRANTED**.

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

December 17, 2020

cc: counsel